U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

KARL VOM DORFF,

    Plaintiff,

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES, a
Foreign Corporation,
GRAND TURK CRUISE CENTER
and XYZ CORPORATION, unknown corporation.

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, **KARL VOM DORFF**, by and through his undersigned counsel, hereby sues the Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, a Foreign Corporation**, **GRAND TURK CRUISE CENTER** and **XYZ CORPORATION**, unknown corporation and alleges as follows:

1. This is an action for damages that exceeds this Court's minimum jurisdictional requirements, to wit, $75,000.00, exclusive of all interest and costs.

2. This Court has jurisdiction based on diversity of citizenship 28 USC §1332. This action also arises under maritime law such that the Court has admiralty or maritime jurisdiction pursuant to 28 USC §1333.

3. Venue in the United States District Court for Southern District of Florida is appropriate pursuant to the forum selection clause contained in the passenger ticket between Plaintiff and Defendant.

4. At all times material, Plaintiff, **KARL VOM DORFF**, was and is a resident and domiciled in the Canada, now living in Cobourg, Ontario, Canada, and at all times material was a passenger on board defendant's vessel, *Freedom*.

5. At all times material, Defendants, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES**, personally or through an agent:

   A. Operated, conducted, engaged and/or carried on a business venture in the State of Florida, and in particular Miami-Dade County, Florida;

   B. Were engaged in substantial business activity in the State of Florida, and in particular, in Miami-Dade County, Florida;

   C. Operated vessels and provided vessels for cruises in the waters of this state;

   D. Committed one or more acts as set forth in F.S. §48,081, 48.181 and 48.193, which submit the defendant to the jurisdiction and venue of this Court. Further, this court has jurisdiction of this action under 28 U.S.C. §1333(1);

   E. The acts of defendants set out in the Complaint occurred in whole or in part in Miami-Dade County and/or the State of Florida.

6. At all times material, Defendant, the **GRAND TURK CRUISE CENTER** personally or through an agent:

   A. Operated, conducted, engaged and/or carried on a business venture in the State of Florida, and in particular, in Miami-Dade County, Florida;

   B. Was engaged in substantial business activity in the State of Florida, and in particular, in Miami-Dade County, Florida;

   C. Operated resort facilities on Grand Turk, which, through CARNIVAL, provided services, including water based actives, food and beverage to Carnival cruise ship passengers and operated shore excursion in a beach/resort like setting, whose services were marketed, sold and advertised in the State of Florida, and in particular, in Miami-Dade County, Florida;

D. Committed one or more acts as set forth in F.S. §48,081, 48.181 and 48.193, which submit the defendant to the jurisdiction and venue of this Court and specifically pursuant to F.S. §48.193(1)(d) contracted to insure person, property or risk located within the State of Florida, to wit Carnival cruise passengers and property injured or damaged on its property or due to the conduct of its employees, agents or contractors; and 48.193(2) by engaging in substantial and not isolated acidity within Florida.

E. Further, the defendant is subject to the jurisdiction of this Honorable Court due to the foregoing and 28 U.S.C. §1333;

F. The acts of defendant set out in the Complaint occurred in whole or in part in Miami-Dade County, Florida and/or the State of Florida.

7. At all times material, Defendant, the **XYZ CORPORATION,** unknown corporation, personally or through an agent:

A. Operated, conducted, engaged and/or carried on a business venture in the State of Florida, and in particular, in Miami-Dade County, Florida;

B. Was engaged in substantial business activity in the State of Florida, and in particular, in Miami-Dade County, Florida;

C. Operated resort facilities on Grand Turk, which, through CARNIVAL, provided services, including water based actives, food and beverage to Carnival cruise ship passengers and operated shore excursion in a beach/resort like setting, whose services were marketed, sold and advertised in the State of Florida, and in particular, in Miami-Dade County, Florida;

D. Committed one or more acts as set forth in F.S. §48,081, 48.181 and 48.193, which submit the defendant to the jurisdiction and venue of this Court and specifically pursuant to F.S. §48.193(1)(d) contracted to insure person, property or risk located within the State of Florida, to wit Carnival cruise passengers and property injured or damaged on its property or due to the conduct of its employees, agents or contractors; and 48.193(2) by engaging in substantial and not isolated acidity within Florida.

E. Further, the defendant is subject to the jurisdiction of this Honorable Court due to the foregoing and 28 U.S.C. §1333;

    F.    The acts of defendant set out in the Complaint occurred in whole or in part in Miami-Dade County, Florida and/or the State of Florida.

8.    All conditions precedent to the institution of this action have been satisfied, or otherwise excused, including the pre-suit notice required by the terms and conditions of Defendant's cruise ticket. (See notice letter attached as Exhibit "A"). (The ticket is no longer in Plaintiff's possession).

9.    Upon information and belief the Defendants, **CARNIVAL CORPORATION, GRAND TURK CRUISE CENTER** and **XYZ CORPORATION** jointly and/or through agreements unknown to this Plaintiff, operated and owned the Grand Turk Cruise Centers where Plaintiff's incident injury occurred.

## GENERAL ALLEGATIONS

10.    Plaintiff, **KARL VOM DORFF**, and his companion booked an eight day Caribbean cruise departing from Ft. Lauderdale, aboard the Carnival *Freedom*, from December 27, 2014 through January 4, 2015.

11.    A domain registrant search of http://www.grandturkcc.com reveals Carnival Corporation as the owner, which lists as its primary place of business the Carnival business address and phone number at (305-599-2600) in Miami, Florida..

12.    Carnival, on its website, www.carnival.com, markets its cruises to Grand Turk as delivering to its passengers an "enchanted island outpost dotted with old windmills, grassy trails and picture-perfect beaches."

13.    The Grand Turk Cruise Center's website, under privacy policy, http://www.grandturkcc.com/privacy-policy.aspx, contains a privacy policy which reflects Carnival as the promisor or obligor for these polices.

14. The Grand Turk Cruise Center's website, under privacy policy, http://www.grandturkcc.com/privacy-policy.aspx, states Carnival Corporation is the "sole owner of the information provided by you (its user) on this website.

15. The Grand Turk Cruise Center's website, under privacy policy, http://www.grandturkcc.com/privacy-policy.aspx, states "Carnival Corporation is committed to protecting your privacy. We will not collect any personal information in regards to you that you do not volunteer. Carnival Corporation is the sole owner of all information provided by you on this web site (site). We do not sell or rent any information that you provide."

16. The Grand Turk Cruise Center's security officer (Larry Swann), who was assisting Plaintiff at the time of the injury incident, was an employee and/or agent of CARNIVAL.

17. The Grand Turk Cruise Center's security officer (Larry Swann), who was assisting Plaintiff at the time of the injury incident, receives his paychecks from CARNIVAL.

18. All incidents involving passenger injuries are reported onboard the ship to the safety officer, the Staff Captain, and the ship's physician.

19. CARNIVAL uses these incident reports, in part, to help improve services and safety on the ship.

20. Awareness of prior injury incidents at the Grand Turk Cruise Center (GTCC), is important for the business of CARNIVAL because it improves the safety of Carnival passengers visiting and participating activities at the center.

21. Awareness of prior injury incidents on the Grand Turk Cruise Center is important for the business of CARNIVAL because satisfied customers are repeat customers.

22. CARNIVAL holds no less than bi-monthly shoreside meetings for senior corporate staff, from the director level and higher, to review and discuss safety issues and adverse injury incidents to its passengers.

## FACTUAL ALLEGATIONS

23. On or about November 2, 2014, prior to the scheduled cruise, Plaintiff, **KARL VOM DORFF**, contacted Carnival's Special Needs Department regarding wheelchair assistance he required while, among other things, participating in excursions offered by Carnival.

24. On or about November 8, 2014, Carnival's Shore Excursions Department offered no help in recommending off-shore excursions for mobility impaired individuals, such as Plaintiff.

25. On December 29, 2014, Plaintiff visited the GTCC with his girlfriend to use the beach. This was advertised and marketed as a Carnival beach report property.

26. Grand Turk Cruise Center's security officer, Larry Swann, offered to push Plaintiff in his wheelchair over the beach's sandy surface, leading up to the beach section of GTCC.

27. Grand Turk Cruise Center's security officer, Larry Swann, insisted in helping Plaintiff, noting "we do this all the time."

28. Plaintiff trusted Grand Turk Cruise Center's security officer, Larry Swann because he claimed he transfers wheelchair clients, such as Plaintiff, over the beach all the time.

29. After the incident, security officer, Larry Swann, admitted causing the injury and apologized for the same.

30. After the incident, security officer, Larry Swann, admitted pushing Plaintiff too fast.

31. After the incident, security officer, Larry Swann, admitted not using his senses and "speeding along to get you off the soft sand."

32. After the incident, security officer, Larry Swann, admitted he could not see Plaintiff's legs because they were covered.

33. While Mr. vom Dorff was forcefully pushed by Mr. Swann at excessive rate of speed through the sand by security officer, Larry Swann, he sustained a significant crush injury to his great left toe (the left hallux) requiring partial amputation, which resulted in consequent complex regional pain syndrome (CRPS), formally known as reflex sympathetic dystrophy (RSD).

## COUNT I – NEGLIGENCE AGAINST CARNIVAL CORPORATION

34. Plaintiff readopts and re-alleges paragraphs 1 through 33, and further alleges as follows:

35. On December 29, 2014, **KARL VOM DORFF**, who is a quadriplegic and uses a wheelchair for travel, was seriously and permanently injured when Larry Swann a CARNIVAL employee at GTCC attempted to assist Plaintiff, in his wheelchair, through the sand while at Grand Turk Cruise Center. Mr. vom Dorff suffered severe injury to his great left toe (the left hallux), and as a result of the incident required a partial amputation.

36. At all times material hereto the, **CARNIVAL CORPORATION,** owed a duty to Plaintiff to exercise reasonable care under the circumstances.

37. At all times material hereto, the Defendant's actions presented a known, foreseeable and unreasonable risk of harm to the Plaintiff, **KARL VOM DORFF**.

38. Defendant, **CARNIVAL CORPORATION,** breached its duty owed to Plaintiff by committing one or more of the following acts of omissions:

   A. Failing to provide a safe means of entrance into its property for use by passengers such as Plaintiff;

   B. Failing to provide a safe means of entrance into its property for use by passengers using a wheelchair such as Plaintiff;

   C. Failing to exercise reasonable care for the safety of its passenger, specifically Plaintiff, by failing to reasonably provide safe walkways for use by passengers using wheelchair assistance;

   D. Failing to remedy a known dangerous condition consisting of an unsafe walkway for passengers using wheelchair assistance;

   E. Failing to warn passengers using wheelchair assistance such as Plaintiff of these dangerous and unsafe conditions, which Defendant knew or in the exercise of reasonable care under the circumstances, should have known;

   F. Failing to properly and safely assist Plaintiff on its property by failing to obtain and utilize appropriate "sand wheelchairs" for use by its guests/passengers, when the circumstances reasonably require their use;

   G. Failing to adequately train its staff in helping passengers using wheelchair assistances;

   H. Failing to adopt policies and procedures for the safe assistance of its wheelchair-dependent passengers, such as Plaintiff;

   I. Failing to comply with Defendants own internal policies and procedures established by the ISM Code, SMS, SQM and other internal operational procedures required by the ISM Code, IMO, SOLAS and all applicable health, building and safety codes and national standards in accordance with 33 CFR 96.100 et. seq., 46 USC Section 3201 et. seq. and all Rules and Regulations, including, but not limited to all relevant IMO standards and NVIC'S of the United States Coast Guard.

    J.    Failing to report this incident to the US Coast Guard and other authorities and to take appropriate remedial action pursuant to the ISM Code.

39. Based upon knowledge of prior substantially similar incidents resulting in injuries to passengers, and despite this abundant knowledge, Defendant has wholly failed to take any action to investigate the cause of these injury incidents and willfully and in gross disregard of the safety to passengers, including the Plaintiff, has taken no action to remedy this dangerous condition, giving rise to a claim for punitive damages against Defendant, **CARNIVAL CORPORATION**.

40. As a direct and proximate result of Defendant's negligence and the traumatic incident, Plaintiff, **KARL VOM DORFF**, suffered bodily injuries and resulting pain and suffering, physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, expense of hospitalization and surgery, medications, loss of earnings, loss of the ability to earn money and impaired earnings capacity and expenses for physical therapy, rehabilitation and medical and nursing expenses. Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses in the future.

**WHEREFORE**, Plaintiff, **KARL VOM DORFF**, demands judgment, punitive damages, interest and costs against Defendant, **CARNIVAL CORPORATION,** a trial by jury and any such other relief to which the Plaintiff may be justly entitled.

### COUNT II - NEGLIGENCE OF GRAND TURK CRUISE CENTER

41. Plaintiff adopts and re-alleges paragraphs 1 through 33 of the above as though fully stated herein and incorporated by reference.

42. At all times material hereto the Defendant had a duty to the Plaintiff, **KARL VOM DORFF,** of reasonable care.

43. At all times material hereto, the Defendant's actions presented a known, foreseeable and unreasonable risk of harm to the Plaintiff, **KARL VOM DORFF**.

44. Defendant, **GRAND TURK CRUISE CENTER** (hereinafter "GTCC"), breached its duty owed to Plaintiff by committing one or more of the following acts of omissions:

   A. Failing to provide a safe means of entrance into its property for use by passengers such as Plaintiff;

   B. Failing to provide a safe means of entrance into its property for use by passengers using a wheelchair such as Plaintiff;

   C. Failing to exercise reasonable care for the safety of its passenger, specifically Plaintiff, by failing to reasonably provide safe walkways for use by passengers using wheelchair assistance;

   D. Failing to repair the known broken and depressed edge of the surface which begins at the end of the white sand area over which Plaintiff was forced, striking his foot and causing his injury;

   E. Failing to remedy a known dangerous condition consisting of an unsafe walkway for passengers using wheelchair assistance;

   F. Failing to warn passengers using wheelchair assistance such as Plaintiff of these dangerous and unsafe conditions, which Defendant knew or in the exercise of reasonable care under the circumstances, should have known;

   G. Failing to properly and safely assist Plaintiff on its property by failing to obtain and utilize appropriate "sand wheelchairs" for use by its guests/passengers, when the circumstances reasonably require their use;

   H. Failing to adequately train its staff in helping passengers using wheelchair assistances;

   I. Failing to adopt policies and procedures for the safe assistance of its wheelchair-dependent passengers, such as Plaintiff;

   J. Failing to comply with Defendants own internal policies and procedures established by the ISM Code, SMS, SQM and other internal operational procedures required by the ISM Code, IMO,

SOLAS and all applicable health, building and safety codes and national standards in accordance with 33 CFR 96.100 et. seq., 46 USC Section 3201 et. seq. and all Rules and Regulations, including, but not limited to all relevant IMO standards and NVIC'S of the United States Coast Guard.

45. Based upon knowledge of prior substantially similar incidents resulting in injuries to passengers, and despite this abundant knowledge, Defendant has wholly failed to take any action to investigate the cause of these injury incidents and willfully and in gross disregard of the safety to passengers, including the Plaintiff, has taken no action to remedy this dangerous condition, giving rise to a claim for punitive damages against Defendant, **GTCC**.

46. As a direct and proximate result of Defendant's negligence and the traumatic incident, Plaintiff, **KARL VOM DORFF**, suffered bodily injuries and resulting pain and suffering, physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, expense of hospitalization and surgery, medications, loss of earnings, loss of the ability to earn money and impaired earnings capacity and expenses for physical therapy, rehabilitation and medical and nursing expenses. Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff, **KARL VOM DORFF**, demands judgment, punitive damages, interest and costs against Defendant, **GTCC**, a trial by jury and any such other relief to which the Plaintiff may be justly entitled.

## COUNT III - NEGLIGENCE OF XYZ CORPORATION

47. Plaintiff adopts and re-alleges paragraphs 1 through 33 of the above as though fully stated herein and incorporated by reference.

48. At all times material hereto the Defendant had a duty to the Plaintiff, **KARL**

**VOM DORFF,** of reasonable care.

49. At all times material hereto, the Defendant's actions presented a known, foreseeable and unreasonable risk of harm to the Plaintiff, **KARL VOM DORFF**.

50. Defendant, **XYZ CORPORATION**, breached its duty owed to Plaintiff by committing one or more of the following acts of omissions:

K. Failing to provide a safe means of entrance into its property for use by passengers such as Plaintiff;

L. Failing to provide a safe means of entrance into its property for use by passengers using a wheelchair such as Plaintiff;

M. Failing to exercise reasonable care for the safety of its passenger, specifically Plaintiff, by failing to reasonably provide safe walkways for use by passengers using wheelchair assistance;

N. Failing to repair the known broken and depressed edge of the surface which begins at the end of the white sand area over which Plaintiff was forced, striking his foot and causing his injury;

O. Failing to remedy a known dangerous condition consisting of an unsafe walkway for passengers using wheelchair assistance;

P. Failing to warn passengers using wheelchair assistance such as Plaintiff of these dangerous and unsafe conditions, which Defendant knew or in the exercise of reasonable care under the circumstances, should have known;

Q. Failing to properly and safely assist Plaintiff on its property by failing to obtain and utilize appropriate "sand wheelchairs" for use by its guests/passengers, when the circumstances reasonably require their use;

R. Failing to adequately train its staff in helping passengers using wheelchair assistances;

S. Failing to adopt policies and procedures for the safe assistance of its wheelchair-dependent passengers, such as Plaintiff;

T. Failing to comply with Defendants own internal policies and procedures established by the ISM Code, SMS, SQM and other internal operational procedures required by the ISM Code, IMO,

      SOLAS and all applicable health, building and safety codes and national standards in accordance with 33 CFR 96.100 et. seq., 46 USC Section 3201 et. seq. and all Rules and Regulations, including, but not limited to all relevant IMO standards and NVIC'S of the United States Coast Guard.

51. Based upon knowledge of prior substantially similar incidents resulting in injuries to passengers, and despite this abundant knowledge, Defendant has wholly failed to take any action to investigate the cause of these injury incidents and willfully and in gross disregard of the safety to passengers, including the Plaintiff, has taken no action to remedy this dangerous condition, giving rise to a claim for punitive damages against Defendant, **XYZ CORPORATION**.

52. As a direct and proximate result of Defendant's negligence and the traumatic incident, Plaintiff, **KARL VOM DORFF**, suffered bodily injuries and resulting pain and suffering, physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, expense of hospitalization and surgery, medications, loss of earnings, loss of the ability to earn money and impaired earnings capacity and expenses for physical therapy, rehabilitation and medical and nursing expenses. Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff, **KARL VOM DORFF**, demands judgment, punitive damages, interest and costs against Defendant, **XYZ CORPORATION**, a trial by jury and any such other relief to which the Plaintiff may be justly entitled.

<u>**COUNT IV**</u>
<u>**APPARENT AGENCY OR AGENCY BY ESTOPPEL CLAIM AGAINST CARNIVAL**</u>

53. Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 33 as though originally stated herein.

54. At all material times, **GTCC** and **XYZ CORPORATION** were an apparent agent of Defendant, **CARNIVAL.**

55. At all material times, Defendant, **CARNIVAL,** is estopped to deny that **GTCC** and **XYZ CORPORATION** were their agent or employee.

56. The foregoing acts of negligence of the Defendant, **CARNIVAL,** and/or **GTCC** and **XYZ CORPORATION** set forth in paragraphs 1-33, including all subparts, were a direct and proximate cause of the Plaintiff's injuries and damages.

57. Based upon knowledge of prior substantially similar incidents resulting in injuries to passengers, and despite this abundant knowledge, Defendant has wholly failed to take any action to investigate the cause of these injury incidents and willfully and in gross disregard of the safety to passengers, including the Plaintiff, has taken no action to remedy this dangerous condition, giving rise to a claim for punitive damages against Defendant, **CARNIVAL**.

58. As a direct and proximate result of the aforementioned carelessness and negligence of the Defendant, the Plaintiff, **KARL VOM DORFF,** sustained serious and permanent injuries to her left leg, body and extremities, pain and suffering, disability, disfigurement, mental anguish, aggravation of preexisting conditions, inconvenience, scarring, the loss of the capacity for the enjoyment of life, and other mental and/or nervous disorders, and has incurred medical expenses in the past and will incur medical expenses in the future. All of said damages are permanent and continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise and transportation costs.

WHEREFORE, the Plaintiff, **KARL VOM DORFF**, demands judgment for all

damages recoverable under the law against the Defendant and demands trial by jury.

## COUNT V
## JOINT VENTURE BETWEEN GTCC AND CARNIVAL

59. Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 33 as though originally stated herein.

60. At all material times Defendant, **CARNIVAL** and **GTCC** engaged in a joint venture to provide excursions to passengers onboard Defendant, **CARNIVAL,** vessels.

61. As its part of its joint venture, Defendant, **CARNIVAL,** arranged for, sponsored, recommended, marketed, set the pricing, directly sold, provided expert advice, made announcements, organized passengers, handled customer complaints, and issued refunds. As its part of the joint venture, **GTCC** provided the subject excursion.

62. Defendant, **CARNIVAL,** on behalf of the joint venture, charged a fee to passengers who utilized the excursion. The fee was split between Defendant, **CARNIVAL** and **GTCC**.

63. Both Defendant, **CARNIVAL** and **GTCC** had control over aspects of the joint venture. **GTCC** had control over the day to day workings of the excursion. Defendant, **CARNIVAL,** also had control over the day to day workings of the excursion in that it required **GTCC** to exercise reasonable care in the operation of the subject excursion, it required **GTCC** to comply with standards set by Defendant, **CARNIVAL,**, had the ability to terminate, suspend or postpone excursions if **GTCC** did not comply with the standards set by Defendant, **CARNIVAL**, and Defendant, **CARNIVAL,** retained the authority to inspection and supervise all aspects of the operation of the subject excursion by **GTCC**. Defendant, **CARNIVAL,** also had control over the arrangements for the scheduling,

marketing, marketing sales and refunds.

64. Defendant, **CARNIVAL** and **GTCC** therefore:

a. Had a community of interest in the performance of the common purpose, i.e. the sale and provision of excursion to passengers for profit;

b. Had a joint right to control with respect to the provision of excursions to passengers on board ships;

c. Had a right to share in the profits;

d. Had a right to share in the losses which may have been sustained, i.e. refunds which were issued at the sole discretion of Defendant, **CARNIVAL**.

65. As joint venturers, Defendant, **CARNIVAL,** and **GTCC** are liable for each other's negligence. As a result Defendant, **CARNIVAL,** is liable for the negligent conduct of **GTCC**.

66. As a direct and proximate result of the aforementioned carelessness and negligence of the Defendant, the Plaintiff, **KARL VOM DORFF**, sustained serious and permanent injuries to her left leg, body and extremities, pain and suffering, disability, disfigurement, mental anguish, aggravation of preexisting conditions, inconvenience, scarring, the loss of the capacity for the enjoyment of life, and other mental and/or nervous disorders, and has incurred medical expenses in the past and will incur medical expenses in the future. All of said damages are permanent and continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise and transportation and incident costs.

WHEREFORE, the Plaintiff, **KARL VOM DORFF**, demands judgment for all damages recoverable under the law against the Defendants and demands trial by jury.

## COUNT VI
## JOINT VENTURE BETWEEN XYZ CORPORATION AND CARNIVAL

67. Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 33 as though originally stated herein.

68. At all material times Defendant, **CARNIVAL** and **XYZ CORPORATION** engaged in a joint venture to provide excursions to passengers onboard Defendant, **CARNIVAL,** vessels.

69. As its part of its joint venture, Defendant, **CARNIVAL,** arranged for, sponsored, recommended, marketed, set the pricing, directly sold, provided expert advice, made announcements, organized passengers, handled customer complaints, and issued refunds. As its part of the joint venture, **XYZ CORPORATON** provided the subject excursion.

70. Defendant, **CARNIVAL,** on behalf of the joint venture, charged a fee to passengers who utilized the excursion. The fee was split between Defendant, **CARNIVAL** and **XYZ CORPORATON**.

71. Both Defendant, **CARNIVAL,** and **XYZ CORPORATON** had control over aspects of the joint venture. **XYZ CORPORATON** had control over the day to day workings of the excursion. Defendant, **CARNIVAL,** also had control over the day to day workings of the excursion in that it required **XYZ CORPORATON** to exercise reasonable care in the operation of the subject excursion, it required **XYZ CORPORATON** to comply with standards set by Defendant, **CARNIVAL,**, had the ability to terminate, suspend or postpone excursions if **XYZ CORPORATON** did not comply with the standards set by Defendant, **CARNIVAL**, and Defendant, **CARNIVAL,** retained the authority to inspection and supervise all aspects of the operation of the

subject excursion by **XYZ CORPORATON**. Defendant, **CARNIVAL,** also had control over the arrangements for the scheduling, marketing, marketing sales and refunds.

72. Defendant, **CARNIVAL,** and **XYZ CORPORATON** therefore:

   a. Had a community of interest in the performance of the common purpose, i.e. the sale and provision of excursion to passengers for profit;

   b. Had a joint right to control with respect to the provision of excursions to passengers on board ships;

   c. Had a right to share in the profits;

   d. Had a right to share in the losses which may have been sustained, i.e. refunds which were issued at the sole discretion of Defendant, **CARNIVAL**.

73. As joint venturers, Defendant, **CARNIVAL,** and **XYZ CORPORATON** are liable for each other's negligence. As a result Defendant, **CARNIVAL,** is liable for the negligent conduct of **XYZ CORPORATON**.

74. As a direct and proximate result of the aforementioned carelessness and negligence of the Defendant, the Plaintiff, **KARL VOM DORFF**, sustained serious and permanent injuries to her left leg, body and extremities, pain and suffering, disability, disfigurement, mental anguish, aggravation of preexisting conditions, inconvenience, scarring, the loss of the capacity for the enjoyment of life, and other mental and/or nervous disorders, and has incurred medical expenses in the past and will incur medical expenses in the future. All of said damages are permanent and continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise and transportation and incident costs.

WHEREFORE, the Plaintiff, **KARL VOM DORFF**, demands judgment for all damages recoverable under the law against the Defendant.

Dated: June 10, 2016

        HOLZBERG LEGAL
        Offices at Pinecrest, Suite 220
        7685 S.W. 104th Street
        Miami, Florida 33156
        Telephone:   (305) 668-6410
        Facsimile:    (305) 667-6161

BY:   ***/s/ Glenn J. Holzberg***
      GLENN J. HOLZBERG
      FL. Bar No.: 369551